UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HAWKINS, Booking No. 2571058,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK KINNSER, Duty Sworn Police Officer #7936; NOAH A. SALDANA, Duty Sworn Police Officer #1806; SAN DIEGO POLICE DEPARTMENT; RIVE APARTMENTS; JESUS MARTIN DEL CAMPO; DYLAN McGILL, Duty Sworn Police Officer #1896; FILIBERTO TAPIA, #7821; MITCHELL R. FORD, Duty Sworn Police Officer #5582; SAN DIEGO PROBATION; DISTRICT ATTORNEY OF SAN DIEGO; RICHARD SULLIVAN, Duty Sworn Police Officer #7406; SAN DIEGO COUNTY JAIL; STATE OF CALIFORNIA; COUNTY OF SAN DIEGO; CITY OF SAN DIEGO,<br><br>Defendants. | Case No.: 3:25-cv-1956-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

    Plaintiff Chris Hawkins, while detained in the San Diego County Jail and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

    Plaintiff has not paid the filing fee required by 28 U.S.C. § 1914(a) to commence a

1

civil action; instead, he requests leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

577 U.S. at 84–85.

Although Plaintiff has filed a motion to proceed IFP, he has not attached a certified copy of his San Diego County Sheriff's Department inmate trust account statements for the 6-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) requires prisoners "seeking to bring a civil action . . . without prepayment of fees . . . [to] submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Without these certified trust account statements, the Court is unable to assess the appropriate initial filing fee which may be statutorily required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed IFP (ECF No. 2) is denied.

IT IS FURTHER ORDERED that this civil action is dismissed without prejudice to refiling for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a). Plaintiff may re-open this case within forty-five (45) days from the date this Order is filed by either (a) prepaying the entire $405 civil filing and administrative fee in one lump sum; or (b) filing a renewed Motion to Proceed IFP that includes a certified copy of his San Diego County Jail inmate trust account statements for 6-month period preceding the filing of his complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).[2]

---

[2] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee or by submitting a properly supported and renewed motion to proceed IFP, his complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar

1    If Plaintiff neither (a) pays the $405 civil filing fee in full nor (b) sufficiently
2 completes and files a renewed IFP motion together with a certified copy of his 6-month
3 trust account statements within 45 days, this case will remain dismissed without prejudice
4 pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

Dated: October 17, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

---

screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").